# UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

TAYLOR PAHSSEN

    Plaintiff,

v

SECRETARY OF VETERANS AFFAIRS

    Defendant,

File No. 24-

Hon.

---

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Ave. Saginaw, MI 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

---

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, TAYLOR PAHSSEN, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, stating as follows:

1.    That at all times material hereto, TAYLOR PAHSSEN was a resident of the County of Saginaw, State of Michigan.

2.    That Defendant, SECRETARY OF VETERANS AFFAIRS, is the proper Defendant to this cause stated by Plaintiff's Notice of Right to File a Discrimination Complaint letter received on November 13, 2023.

3.      That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

4.      That this Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

5.      That venue is proper with this Honorable Court pursuant to 28 U.S.C. § 1391.

6.      That at all relevant times, Plaintiff's was an employee as that term is defined in 101 of the Family Medical Leave Act, Title VII of the Civil Rights Act of 1964 (as amended), the Americans with Disabilities Act of 1990, and 501 of the Rehabilitation Act of 1973, 29 U.S.C. 791.

7.      That the VA is an employer and covered entity as those terms are defined in 101 of the Family Medical Leave Act, Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000, and 501 of the Rehabilitation Act of 1973, 29 U.S.S 791.

8.      That on April 16, 2022, Plaintiff interviewed with Defendant Veterans Affair for the part time position of Cashier for the VCS Canteen Services.

9.      That in said interview, Plaintiff disclosed that she had a disability and Chief Larry Burk said that for any incident where she had to be off work, Defendant

would accommodate Plaintiff with Leave Without Pay until she was qualified to use FMLA.

10.     That after Plaintiff was hired, Ms. Amy Wildfong, Defendant's Assistant Chief, would belittle Plaintiff and accuse Plaintiff of using her disability as a reason not to attend work.

11.     That on April 24, 2023, Chief Larry Burk transferred to a different VA location, and Ms. Amy Wildfong took over as acting chief until May 5, 2023.

12.     That on May 5, 2023, the new acting Chief was Daniel Fee who were at all times material hereto was Plaintiff's supervisor.

13.     That on May 24, 2023, Plaintiff tested positive for COVID and was put on leave until May 30, 2023, in accordance with Defendant's COVID Policy.

14.     That Plaintiff's time off was approved for LWOP and received confirmation from Ms. Amy Wildfong that 2 days of her COVID leave would be approved by using her sick time, and the last day (May 26, 2023) would be considered LWOP.

15.     That Plaintiff returned back to work on May 30, 2023.

16.     That on June 15, 2023, Plaintiff had a miscarriage at work that required immediate attention. Ms. Amy Wildfong told Plaintiff to go to the Emergency Room and that her leave would be deemed to be LWOP.

17.     That Plaintiff returned back to work on June 19, 2023.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

18.    That after Plaintiff's medical emergency, Ms. Amy Wildfong made comments regarding Plaintiff's absence and performance, such as:

a.    "At least he's doing his job, unlike Taylor"

b.    "I swear it's like you want me to write you up"

c.    "Oh I dropped a box on my foot, I better go home now like Taylor"

d.    "Taylor can suck it up like I did when I was her age"

19.    That said comments were directly related to Plaintiff's absence caused by her miscarriage.

20.    That on June 30, 2023, Plaintiff submitted FMLA paperwork from her physician, Dr. Charity Caverly, to Ms. Amy Wildfong that stated Plaintiff should be on intermittent leave for her disability.

21.    That Plaintiff's FMLA leave was denied but granted from the start date of August 28, 2023.

22.    That Defendants knew of Plaintiff's intermittent leave would begin on August 28, 2023.

23.    That on August 11, 2023, Chief Daniel Fee, forged Plaintiff's timecard and changed her approved leave on May 24, 2023, to AWOL (Absent without official leave).

24.    That Chief Daniel Fee also forged Plaintiff's timecard on August 11, 2023, and changed her approved leave (*supra*) on June 15, 2023, to AWOL.

25.     That on August 14, 2023, Chief Daniel Fee fired Plaintiff and stated it was for "performance and attendance" issues. Plaintiff was assured that her termination date wouldn't be until August 25, 2023, but that she could not continue to work anymore.

26.     That Plaintiff's termination letter is dated the same date that Chief Daniel Fee forged Plaintiff's timecards and changed her approved leave to AWOL.

27.     That within 45 days after the unlawful acts of discrimination and hostile work environment and harassment for EEO activity hereinafter set forth, Plaintiff initiated and pursued her administrative remedies, and reported her claims to the VA's Office of Resolution Management (ORM), satisfying the requirements of 42 U.S.C. §2000e-5 and 29 C.F.R. 1614.105.

28.     That as a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance benefits, disability benefits, investment opportunities, pension and/or retirement benefits, employer contributions, and any and all other compensation and fringe benefits along with an additional sum to offset any negative tax consequences incurred as a result of recovery.

29.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer noneconomic damages, including,

but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, depression, anxiety, disruption of lifestyle, and denial of social pleasures.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I- RETALIATION IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

30. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 28 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

31. That the Family and Medical Leave Act entitles eligible employees to take up to twelve weeks of leave during a twelve-month period for a serious health condition that makes the employee unable to perform the functions of his or her position or for the birth of a son or daughter of the employee and to care for such son or daughter. *Hunter v. Valley View Local Schs.*, 597 F.3d 688, 690 (6th Cir. 2009); 29 U.S.C. § 2612(a)(1)(A), (D).

32. That at all times material hereto, Defendant was a covered employer as defined by the Act and the applicable federal regulations. 29 C.F.R. § 825.104.

33.    That Plaintiff suffered from a serious health condition as defined by the Act and the applicable federal regulations. 29 C.F.R. § 825.113; 29 C.F.R. § 825.115.

34.    That the Act prohibits an employer from discriminating or retaliating against an employee for having exercised or attempted to exercise his or her rights under the Act. 29 C.F.R. § 825.220(c); 29 U.S.C. § 2615(a)(1).

35.    That Plaintiff attempted to exercise her right under the FMLA and gave notice to her employer that she would be taking intermitted leave starting on August 25, 2023.

36.    That Plaintiff engaged in protected activity by requesting an FMLA-qualifying leave of absence for her own serious health condition. *See Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014)(finding a request for FMLA leave demonstrated the plaintiff engaged in protected activity and made his employer aware of that activity).

37.    That Defendant knew of Plaintiff's protected activity.

38.    That Defendant took adverse employment action against Plaintiff by terminating her employment.

39.    That a causal connection is demonstrated, at least in part, by the close temporal proximity between Plaintiff's protected activity and her termination. *See Bryson v. Regis Corp.*, 498 F.3d 561, 571 (6th Cir. 2007)(holding a three-month lapse

between protected activity and adverse action sufficient to establish causal connection).

40.   That any reasons proffered by Defendant for terminating Plaintiff's employment are pretextual in nature.

41.   That any reasons proffered by Defendant for terminating Plaintiff's employment are either not based in fact, did not actually motivate the decision, and/or were too insignificant to justify the action taken.

42.   That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

43.   That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

a.   Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the Family and Medical Leave Act;

b.   The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

c.   An additional amount as liquidated damages equal to the above two (2) sums;

d.   Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

e.   Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – SEXUAL HARASSMENT/HOSTILE WORK ENVIORNMENT IN VIOLATION OF TITLE VII

42.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of her Common Allegations, paragraphs 30 through 43 in Count I, word for word and paragraph for paragraph, as if fully restated herein.

43.    As alleged in detail above, Defendant VA unlawfully maintained and/or permitted sexual and gender harassment in the workplace.

44.    That Plaintiff is a member of a protected class by virtue of her gender, female.

45.    That Plaintiff was subjected to unwelcome sexual misconduct and communication from Ms. Amy Wildfong regarding her absence revolving around her miscarriage.

46.    That these unwelcomed sexual comments were severe and pervasive enough so as to affect the terms and conditions of employment and create a hostile work environment. *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560-61 (6th Cir. 1999);

47.     That indeed, the investigation conducted by the VA confirmed the hostile working environment.

48.     That Defendant VA knew or should have known of the harassment, yet failed to take prompt and appropriate corrective action, as Plaintiff had reported these unwelcomed sexual comments before.

49.     That Plaintiff reported these conditions through the proper channels within the VA, and her allegations were dismissed as false by Chief Daniel Fee, and she was ultimately fired for pretextual reasons.

50.     That the VA was aware of the sexually harassing and discriminatory conduct and failed to take appropriate remedial action with malicious intent and reckless indifference to Plaintiff's rights and sensibilities.

51.     That Plaintiff was subjected to a hostile and offensive work environment and ultimately terminated. The discrimination, hostile work environment, and adverse actions culminating in termination were based on Plaintiff's gender, female, and the effect of unreasonably interfering with Plaintiff's work performance, and affected the terms and conditions of her employment.

52.     That the VA's conduct was intentional, willful, wanton, and malicious.

53.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance

benefits, disability benefits, pension and/or retirement benefits, employer contributions, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

54.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT III- GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

55.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of her Common Allegations, paragraphs 30 through 43 in Count I, paragraphs 44 through 53 in Count II, word for word and paragraph for paragraph, as if fully restated herein

56.     That Plaintiff filed a formal EEO complaint and included her gender discrimination claim.

57.     That Plaintiff received a Final Agency Decision on May 7, 2024 (**Exhibit 1**) and this complaint is timely filed.

58.     That Plaintiff was subjected to intentional and malicious discrimination with respect to the treatment received from both Ms. Amy Wildfong and Mr. Fee in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000.

59.     That as alleged in detail above, the VA unlawfully maintained and/or permitted sexual and gender harassment in the workplace and failed to take corrective remedial action. These working conditions, created by the VA, were intolerable and were such that a reasonable person in Plaintiff's circumstances would resign due to the harassment.

60.     That Plaintiff reported these conditions through the proper channels within the VA and her allegations were dismissed by Mr. Fee, and Plaintiff was subjected to a continuation of hostile work environment from Mrs. Wildfong and was ultimately fired for pre-textual reasons by Defendant Fee.

61.     That the discrimination, hostile work environment, and adverse employment actions culminating in termination were based on Plaintiff's gender, female, and had the effect of unreasonably interfering with her work performance and affected the terms and conditions of her employment.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

62.     That as a direct and proximate result of the VA's conduct as set forth above, Plaintiff has suffered injury and damage for which she is entitled to compensation pursuant to Title VII.

63.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, employer contributions, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

64.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

## COUNT IV- DISABILITY DISCRIMINATION IN VIOLATION OF

## THE REHABILITIATION ACT.

65.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of her Common Allegations, paragraphs 30 through 43 in Count I, paragraphs 44 through 53 in Count II, and paragraphs 54 through 63 in Count III, word for word and paragraph for paragraph, as if fully restated herein.

66.     That the VA discriminated against Plaintiff by denying her agreed upon reasonable accommodations for her disabilities, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §701.

67.     The discrimination also contributed to the complainants worsening condition, the agency's discriminatory failure to follow the agreed upon reasonable accommodation cause Plaintiff greater harm to her wellbeing.

68.     That Plaintiff was a qualified individual with a disability.

69.     That the VA failed to continue with the agreed upon reasonable accommodation for her disability when Defendant Fee forged Plaintiff's timecard and assigned her approved time off for her disability and pregnancy related issues as AWOL and then proceeded to terminate her for issues with absence.

70.    That the effect of the practices of the VA has been to deprive Ms. Ryan of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

71.    That the VA's conduct was intentional, willful, wanton, and malicious, and with deliberate indifference to the federally protected rights of Plaintiff.

72.    That by reason of the VA's discrimination, Plaintiff is entitled to all remedies available under the Rehabilitation Act

73.    That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, employer contributions, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

74.    That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

75.    That attorney fees should be awarded under 29 U.S.C. §794(a)(1).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT V- VIOLATION OF DUE PROCESS AND SUBSTANTIVE RIGHTS 42 U.S.C. §1983

76.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of her Common Allegations, paragraphs 30 through 43 in Count I, paragraphs 44 through 53 in Count II, paragraphs 54 through 63 in Count III, and paragraphs 64 through 74 in Count IV, word for word and paragraph for paragraph, as if fully restated herein.

77.     That at all times material herein, Plaintiff had a proper and/or liberty interest in her employment and entitlement to continued employment

78.     That the VA wrongfully terminated Plaintiff for pretextual reasons.

79.     That Plaintiff had a property interest in her continued public employment.

80.     That Plaintiff had a property interest in not being terminated.

81.     That Plaintiff was entitled to due process under the United State Constitution, to contest her termination.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

82.     That the VA intentionally and with malice deprived Plaintiff of her property right to continued employment without due process of law while acting under the color of law.

83.     That the VA wrongfully terminated Plaintiff from her position of employment for pretextual reasons, Defendant deprived Plaintiff of her property and/or liberty interests without due process of law, and in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

84.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, employer contributions, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

85.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: June  4 , 2024          By: /s/ Victor J. Mastromarco, Jr.
                               VICTOR J. MASTROMARCO, JR. (P34564)
                               Attorneys for Plaintiff
                               1024 N. Michigan Avenue
                               Saginaw, Michigan 48602
                               (989) 752-1414
                               vmastromarco@mastromarcofirm.com

# UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

TAYLOR PAHSSEN

    Plaintiff,

v

SECRETARY OF VETERANS AFFAIRS &
DANIEL FEE
    Defendants,

File No. 24-

Hon.

---

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Ave. Saginaw, MI 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, TAYLOR PAHSSEN, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: June 4 , 2024    By: /s/ Victor J. Mastromarco, Jr.
        VICTOR J. MASTROMARCO, JR. (P34564)
        Attorneys for Plaintiff
        1024 N. Michigan Avenue

Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com